† Veazie Bank *versus* Winn.
Same *versus* Same.

An action, against the maker of a note payable at a bank, commenced on the last day of grace, without evidence of a prior demand at a reasonable hour on that day, or that the suit was commenced *after* the business hours at the bank, is *premature.*

Assumpsit.

These suits were against the makers of promissory notes, dated at Bangor, Sep. 18, 1854.

One of the notes read thus: —

"Two months after date, value received, I promise to pay

E. Paulk or order, four thousand dollars at the Veazie Bank."

The other thus : —

" Two months after date, value received, I promise to pay D. F. Leavett or order, twenty-one hundred dollars, at either bank in Boston."

The general issue was pleaded.

The payees indorsed the notes and they were discounted by plaintiffs.

These suits were commenced on Nov. 21, 1854.

After the notes and indorsements were read to the jury, the causes were withdrawn by consent, and submitted to the decision of the full Court upon the evidence, the writs making a part of the case, to render judgment by nonsuit or default, according to the legal rights of the parties. Some evidence was introduced by defendant which had no bearing on the ground of the decision.

*Peters,* for defendant, argued that these actions were premature, there being no evidence of a previous demand, and no evidence at what time of the day the writs were made; and cited *Greeley* v. *Thurston,* 4 Greenl. 479; *Flint* v. *Rogers,* 15 Maine, 67; *Staples* v. *Franklin Bank,* 1 Met. 43.

*A. Lyon* and *E. Kent,* for plaintiffs.

TENNEY, J. — A suit may be properly brought against the maker, upon a negotiable promissory note on the last day of grace, after the demand of payment, made at a reasonable hour of that day, and a refusal. And if a note is payable at a bank, a suit may be properly commenced on the last day of grace, after banking hours, without demand and notice. But it seems to be regarded as settled in this State and in Massachusetts, and also in other States, upon what is considered the weight of authority in England, that an action cannot be maintained, if brought on the last day of grace, unless previously demanded on that day, or unless made payable at the bank on that day. *Greeley* v. *Thurston,* 4 Greenl. 479. *Staples* v. *Franklin Bank,* 1 Met. 43.

· These suits were instituted upon promissory notes, which were in the bank on the last day of grace, and the cases furnish no evidence of a previous demand, or that they were commenced after the expiration of business hours at the bank, consequently they were premature.

*Plaintiffs nonsuit.*